# EXHIBIT D



United States Department of the Treasury
Financial Crimes Enforcement Network

# FinCEN Advisory

Subject:
**Funds "Travel" Regulations: Questions & Answers**

*This Advisory provides answers to some of the most frequently asked questions concerning the transmittal of funds "Travel" regulation.*

A Bank Secrecy Act (BSA) rule [31 CFR 103.33(g)]—often called the "Travel" rule—requires all financial institutions to pass on certain information to the next financial institution, in certain funds transmittals involving more than one financial institution.

Date:
**January 1997**

This rule became effective May 28, 1996 and was issued by the Treasury Department's Financial Crimes Enforcement Network (FinCEN). This rule was issued by FinCEN concurrently with the new BSA recordkeeping rules [31 CRF 103.33(e) and (f)) for funds transfers and transmittals of funds].

Advisory:
**Issue 7**

The funds transfer rules are designed to help law enforcement agencies detect, investigate and prosecute money laundering and other financial crimes by preserving an information trail about persons sending and receiving funds through funds transfer systems.

The attached guidance is intended to answer general, basic questions concerning the implementation of the new regulations. It is not meant to be comprehensive and does not replace or supersede the regulations. These questions and answers and the Travel rule should be examined in concert with the Treasury's related recordkeeping rule concerning the transmittal of funds.

For additional information concerning funds transfers, please refer to FinCEN Advisory Issue 3 entitled "Funds Transfers: Questions & Answers." This advisory, as well as other information relating to FinCEN programs and Treasury's counter-money laundering efforts, may be viewed by



visiting FinCEN's website at:  http://www.fincen.gov or by accessing the BSA Bulletin Board via computer modem at
(313) 234-1453.

*Stanley E. Morris*
*Director*

Attachment

*FinCEN Advisory is a product of the Financial Crimes Enforcement Network, U.S. Department of the Treasury, P.O. Box 39, Vienna VA 22183, (703) 905-3773.  For more information about FinCEN's programs, visit the FinCEN web site at http://www.fincen.gov*
*Questions or comments regarding the contents of the FinCEN Advisory should be addressed to the Office of Communications, FinCEN. Information may also be faxed to (703) 905-3885.*

2

# GUIDANCE FOR FINANCIAL INSTITUTIONS ON THE TRANSMITTAL OF FUNDS "TRAVEL" REGULATIONS

The Treasury Department's Financial Crimes Enforcement Network (FinCEN) offers the following guidance to financial institutions on the transmittal of funds "Travel" rule. This guidance is intended to answer general, basic questions concerning the implementation of the new regulations. It is not meant to be comprehensive and does not replace or supersede the regulations. These questions and answers and the Travel rule should be examined in concert with the Treasury's related recordkeeping rule concerning the transmittal of funds.

**1.     Are all transmittals of funds subject to this rule?**

No. Only transmittals of funds equal to or greater than $3,000 (or its foreign equivalent) are subject to this rule, regardless of whether or not currency is involved. In addition, transmittals of funds governed by the Electronic Funds Transfer Act (Reg E) or made through ATM, or point of sale systems are <u>not</u> subject to this rule.

**2.     What are the "Travel" rule's requirements?**

All transmittor's financial institutions must include and send the following in the transmittal order:

The name of the transmittor,
The account number of the transmittor, if used,
The address of the transmittor,
The identity of the transmittor's financial institution,
The amount of the transmittal order,
The execution date of the transmittal order, and
The identity of the recipient's financial institution;

**and, <u>if received</u>:**

The name of the recipient,
The address of the recipient,
The account number of the recipient, and
Any other specific identifier of the recipient.

An intermediary financial institution must pass on all of the information it receives from a transmittor's financial institution or the preceding intermediary financial institution, but has no general duty to retrieve information not provided by the transmittor's financial institution or the preceding intermediary financial institution. Exceptions are noted below.

However, if the system used to effect the transmittal of funds is not currently designed to enable these requirements to be met, the name, address, account of the transmittor and the identity of the transmittor's financial institution need not be passed on until such time as the bank that sends the order (to the Federal Reserve Bank or otherwise) completes its conversion to the expanded Fedwire message format.

Moreover, if any lawful order is received at, or if a request from another financial institution is made to a recipient's financial institution, all financial institutions must go back to the transmittor's financial institution, or any other preceding financial institution, if the transmittor's financial institution is unknown, and retrieve information not included in the transmittal of funds due to system limitations.

3.   **Are there any exceptions to these requirements?**

Yes.  If the transmittor and the recipient are the same person, <u>and</u> the transmittor's financial institution and the recipient's financial institution are the same domestic bank or domestic securities broker, the transaction is excepted from the requirement contained in these new rules.

In addition, if both the transmittor <u>and</u> the recipient, that is, as defined, the beneficial recipient, are any of the following, then the transmittal of funds is not subject to these rules:

Domestic bank;
Wholly owned domestic subsidiary of a domestic bank;
Domestic broker or dealer in securities;
Wholly owned domestic subsidiary of a domestic broker or dealer in securities;
The United States;
Federal agency or instrumentality;
State or local government; or
State or local agency or instrumentality.

4.   **Does this rule require any reporting to the government of any information?**

No.  However, if a transmittal of funds seems to the financial institution to be suspicious, then a Suspicious Activity Report is required, if the financial institution is subject to the Bank Secrecy Act's suspicious activity reporting requirement.

5.   **How long does a financial institution have to keep records required by these new rules?**

Five (5) years.

6. **What is the benefit of this rule to the public?**

Law enforcement authorities have identified instances to the Treasury in which records maintained by financial institutions were incomplete or insufficient and thereby hampered criminal investigations. In addition, in certain criminal investigations, financial institutions were unable, on a timely basis, to provide law enforcement authorities with useful financial records of transmittals of funds. This rule was created to ensure that in criminal investigations, as well as tax or regulatory proceedings, sufficient information would be available to quickly enable authorities to determine the source of the transmittal of funds and its recipient. Finally, it is anticipated that this rule will more easily permit law enforcement authorities to determine the parties to a transaction.

7. **What is a financial institution for the purposes of this rule?**

The term "financial institution" includes: banks; securities brokers or dealers; casinos subject to the Bank Secrecy Act; money transmitters, check cashers, currency exchangers, and money order issuers and sellers subject to the Bank Secrecy Act. Please see 31 CFR 103.11 for more information.

8. **Does this rule treat banks and non-bank financial institutions differently?**

No. Banks and non-bank financial institutions are treated identically under the Travel rule.

9. **What are some of the implications of the Travel rule for financial institutions subject to this rule?**

The most important implication is that financial institutions must be aware that if a transmittal of funds involves both bank <u>and</u> non-bank financial institutions, each financial institution must carefully analyze and understand <u>all</u> of the definitions that apply to its role in the transmittal of funds. This is important because the rule's requirements on financial institutions differ, depending on what role a financial institution plays in a transmittal of funds.

<u>For example</u>, in a situation in which the customer of a securities broker initiates a transmittal of funds that is sent through a bank, that bank is an intermediary financial institution for the purposes of the Travel rule.

The next important implication is that financial institutions must carefully understand the role of the succeeding financial institution in the chain of each transmittal of funds, particularly where a transmittal of funds moves from a bank to a non-bank, or vice versa. This is important because the Travel rule's requirement to pass information to the next financial institution in the chain implicitly requires financial institutions that carry out transmittals of funds to coordinate the transfer of information required by this new rule.

Finally, as the range of services offered by financial institutions expands, financial institutions must recognize that a single transmittal may involve two or more funds transfer systems.  In such cases, it is important that financial institutions understand their roles in such a complex transmittal of funds, because their duties under this rule arise from their role(s) in the transmittal of funds.

**10.   What is the relationship between the terms used in this rule and those used within Article 4A of the Uniform Commercial Code (UCC)?**

This rule uses terms that are intended to parallel those used in UCC Article 4A, but that are applicable to **all** financial institutions, as defined within the Bank Secrecy Act's implementing regulations.

| Terms for **all** financial institutions | UCC 4A terms |
| --- | --- |
| Transmittal of funds | Funds transfer |
| Transmittal order | Payment order |
| Transmittor | Originator |
| Transmittor's financial institution | Originator's bank |
| Intermediary financial institution | Intermediary bank |
| Recipient's financial institution | Beneficiary's bank |
| Recipient | Beneficiary |
| Receiving financial institution | Receiving bank |
| Sender | Sender |

**11.   Do the terms created in this regulation apply to transmittals of funds to or from anywhere in the world?**

Yes.  However, the requirements of the Bank Secrecy Act apply only to activities of financial institutions within the United States.  Thus, for example, part, but not all, of an international transmittal of funds can be subject to the Travel rule.

**12.    Is this rule limited to wire transfers?**

No.  The term <u>transmittal of funds</u> includes other transactions and transfers in addition to wire transfers or electronic transfers.

**13.   What are examples of transmittals of funds that are not wire transfers?**

Financial institutions sometimes carry out transmittals of funds using correspondent accounts or journal entry transfers such as "due from" and "due to" accounts.  In such cases, covered transmittals of funds have occurred even though no wire transfer has occurred.

In addition, a check can be the transmittal order within a transmittal of funds. This limited case occurs when Customer 1 goes into Financial Institution A and orders a transmittal of funds be sent to Customer 2 at Financial Institution B. Financial Institution A, perhaps because it is a small financial institution or because the transaction involves a function (such as a trust) that is segregated from the rest of the financial institution, sends a check, payable to Financial Institution B, directly to Financial Institution B, and does not send the check directly to Customer 1 or to Customer 2. This check must be Financial Institution A's own check (however, it need not be drawn on Financial Institution A), and not the check of the customer. This check contains accompanying instructions to have Financial Institution B subsequently credit Customer 2's account. In such a case, the check and its instructions are the transmittal order effecting a transmittal of funds.

**14.   How should aggregated transmittals of funds be treated?**

This is a situation where a financial institution aggregates many separate requests for transmittals of funds into one combined transmittal of funds.

Whenever a financial institution aggregates separate transmittors from separate transmittals of funds, the transmittor's financial institution itself becomes the transmitter, for the purpose of the Travel rule. Conversely, any time a financial institution combines separate recipients from separate transmittals of funds, the recipient's financial institution itself becomes the recipient, for the purpose of the Travel rule.

For example, if a money transmitter has five (5) customers who wish to have funds disbursed to five separate recipients at a separate money transmitter, and the money transmitter uses a bank to carry out the movement of funds, the bank might aggregate the five (5) separate customers. In such an instance and for the purposes of the Travel rule, the bank may list as the transmittor for the transmittors' money transmitter, and the recipient as the recipients' money transmitter. However, the transmittors' money transmitter itself is independently obligated to make travel the required information to the recipients' money transmitter. Thus, the information is still required to travel in an aggregated transmittal of funds, although not necessarily in the same manner or by the same parties as in a non-aggregated transmittal of funds.

**15.   How should joint party transmittals of funds be treated?**

For example, Ms. A and Ms. B, sisters with different names and addresses, jointly act as the transmittor or as the recipient. In such cases, it may be impossible to transfer all the information required under the Travel rule. In this instance, the Treasury suggests the following:

When a transmittal of funds is initiated by more than one transmittor, or sent to more than one recipient, the transmittor's financial institution may select one transmittor, or one recipient, as the person whose information must be passed under the "Travel" rule. In all cases involving a transmittal of funds from a joint account, the account holder that ordered the transmittal of funds should be identified as the transmittor on the transmittal order. Please note that for the Joint Rule [31 CFR 103.33(e) and (f)], records must still be kept on all parties.

16. **How should a financial institution treat a customer who uses a code name or a pseudonym, or a customer who has requested that the financial institution hold his/her mail?**

In all such cases, the financial institution must use the customer's true name, and the customer's address. The use of a code name, or pseudonym is prohibited. Similarly, a financial institution must not use the financial institution's own address, except where that is the actual address of record of the person.

17. **To whom can a financial institution go should it have further questions?**

Any financial institution may contact its primary Bank Secrecy Act examination authority, or the Treasury Department's Financial Crimes Enforcement Network can be contacted regarding questions on the Bank Secrecy Act rules at (800) 949-2732 or (703) 905-3920.